# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Arthur L. Hairston, Sr.,<br>　　　Petitioner, | )<br>)<br>) |
| v. | )　　　1:13cv895 (TSE/JFA) |
| Eric Wilson,<br>　　　Respondent. | )<br>)<br>)<br>) |

## MEMORANDUM OPINION

Arthur L. Hairston, Sr., a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, arguing that the Bureau of Prisons ("BOP") has failed to comply with The Second Chance Act's requirement that it issue guidelines on how an inmate is to be evaluated for placement into a Residential Re-Entry Center ("RRC") and the computation of his sentence.[1] On January 29, 2014, respondent filed a response to the petition. Hairston was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a response. After careful review of the parties' submissions, petitioner's application must be dismissed because it is clear that he is not entitled to the relief he seeks. Also before the Court is petitioner's Motion for this Court to Shorten the Time Frame for Respondent to Respond, which will be denied as moot.

---

[1] Petitioner made the same claims in an earlier petition for § 2241 writ of habeas corpus in Hairston v. Wilson, Case No. 1:13cv126 (TSE/IDD). The petition in that case was dismissed without prejudice on February 5, 2013, for petitioner's failure to exhaust his administrative remedies with respect to the claim. The United States Court of Appeals for the Fourth Circuit subsequently affirmed that result. Hairston v. Wilson, No. 13-6267 (4th Cir. July 9, 2013).

## I. Background

On July 27, 2001, Hairston was sentenced, in the United States District Court for the Northern District of West Virginia, to a 290-month term of incarceration for conspiracy to distribute crack cocaine, and multiple counts of distribution of crack cocaine. Hawkins Aff. ¶ 5. Petitioner's sentence later was reduced to a term of 183 months. Hairston is currently incarcerated at FCI Petersburg and is projected to be released from his federal sentence on December 31, 2014, per a good conduct time release.

To assist inmates in re-entering society, BOP will, if appropriate after analyzing an inmate's particularized circumstances, approve an inmate's request to spend the very last portion of his sentence of incarceration at a RRC, a facility that is colloquially known as a "halfway house." See 18 U.S.C. § 3624(c). BOP can also authorize an inmate to spend the remainder of his sentence of incarceration in direct home confinement. See id. The relevant "Unit Team" responsible for monitoring Hairston's incarceration at FCI Petersburg recommended, in October 2013, that Hairston have a placement of 270 days in an RRC or be placed on home confinement. Hawkins Aff. ¶ 11. In reaching this recommendation, the Unit Team evaluated the five factors enumerated in Title 18 U.S.C. § 3621(b) and Mr. Hairston's individual needs. Id. at ¶ 12. That recommendation was referred to the appropriate BOP Residential Reentry Management Branch ("RRMB") and ultimately was withdrawn by the RRMB "based upon [Hairston's] medical condition" and the fact that his release destination was over 200 miles from the closest RRC facility. Id.

After Hairston's Unit Team again met with Hairston on January 10, 2014, the Unit Team made the following referral:

> Mr. Hairston has been reviewed and is considered a good candidate for direct home confinement. He was reviewed under 18 USC 3621b: 1. There are available

RRCs in his release area. 2. The nature and circumstances of the offense indicate he is eligible for RRC participation. There are no extenuating circumstances that would preclude placement. 3. He has a stable residence. 4. The sentencing court did not make any statement on the Judgment in a Criminal Case regarding RRC placement. 5. There is no pertinent policy by the Sentencing Commission.

Institutional Referral for RRC Placement, Arthur Lee Hairston, Sr., Register Number 03705-087 (undated); Hawkins Aff. Attach 6.

Hairston's recommendation was based upon the five factors enumerated in 18 U.S.C. § 3621(b) and the individual facts of Hairston's case. Hawkins. Aff. ¶ 15.

## II. Parties' Arguments

Plaintiff states he is challenging "the BOP's interpretation of [18 U.S.C.] § 3624, §3621 and the Second Chance Act." Pet. 5. Petitioner contends that the Director of the BOP has failed to issue regulations on how an inmate is considered for RRC placement or home confinement, as the Second Chance Act requires. Pet. Handwritten Attach. 1, 2 of 5; Pet'r's Traverse 1. Petitioner extends his argument to challenge the execution of his sentence, contending that he is not being appropriately considered for RRC placement because as the BOP has failed to comply with § 3624's requirement that it issue regulations, any consideration he received for placement into a RRC fails to use these required regulations. Pet. 1. As relief petitioner requests that "the attorney general and the new Director Charles Samuels be ordered consistent with . . . the Second Chance Act, 18 U.S.C. § 3624, and 18 U.S.C. § 3621 . . . to issue the Regulations and incentives for the lawfull [sic] necessary consideration for RRC placement." Pet. Handwritten Attach. 3 of 5, see Pet'r's Traverse 3. Hairston also seeks placement to "direct home confinement immediately due to the fact that the Attorney General and the Director of the Bureau of Prisons have not to date issued regulations." Pet'r's Traverse 1; docket # 11.

Respondent responds by arguing that the BOP has issued regulations as required by the Second Chance Act of 2007 and that Hairston has received the individualized review for placement into a RRC required by law. Resp. Pet. Writ of Habeas Corpus [hereinafter Resp.] 1-2; docket # 8.

Hairston filed a reply to respondent's response, in which he repeats many of the allegations and arguments in his original petition but tweaks his argument slightly to argue that the regulations issued by the Director of the BOP are "known to be ineffective" and thus fail to meet 18 U.S.C. § 3624's requirement. Compare, e.g., pet. handwritten attach. 2-4 (arguing that the regulations required by the Second Chance Act have not been issued), with Pet'r's Traverse 2 (arguing the former regulations were held to be invalid and therefore "adoption [of] the old regulations" fails to comply with the Second Chance Act.).

### III. Analysis

A. Regulations Required by 18 U.S.C. § 3624

Hairston's contention that the BOP failed to issue regulations required by 18 U.S.C. §3624(c) is wholly without merit. Title 18 of the US Code, section 3624(c) requires the Director of the Bureau of Prisons to ensure, "to the extent practicable," that a prisoner serve a portion of his final sentence, "under conditions that will afford that prisoner a reasonable opportunity to adjust to prepare for the reentry" into the community. 18 U.S.C. § 2624(c)(1). This placement can be in home confinement, § 3624(c)(2), or a RRC. See 18 U.S.C. § 2624(c)(1)(2). Subsection six of § 3642, requires the Director of the BOP to "issue regulations pursuant to this subsection . . . after . . . the enactment of the Second Chance Act of 2007." §3624(c)(6).

The Second Chance Act, signed into law on April 9, 2008, requires the BOP to issue new regulations to ensure that RRC placements are "(A) conducted in a manner consistent with

4

section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In compliance with the above, the BOP adopted the regulations set forth in 28 C.F.R. § 570.20 –.22., 73 Fed. Reg. 32440, 2008 WL 4619649 (October 21, 2008). As such, petitioner is not entitled to an "order [directing] the Director of the Bureau of Prisons and the Attorney General to issue the regulations," pet'r's traverse 3 (quoting petitioner's requested relief), because the BOP has already issued the regulations required by § 6324(c)(6). As such, this claim must be denied, as moot.

B. Hairston's Sentence

As Hairston's first claim is without merit, his second claim also must fail. Hairston argues that his sentence is not, and indeed cannot, be calculated correctly because as the Director of the BOP has failed to issue guidelines, these guidelines are not being used to calculate his sentence. Pet. Handwritten Attach. 1 of 5. As addressed above in part III.A, the BOP adopted the regulations required by § 3624(c). Further, as respondent correctly points out, these guidelines were used to recommend initially that Hairston receive 270 days of RRC placement and again later used to recommend that Hairston be transferred to home confinement. Hawkins Decl. ¶¶ 11-2, 14-15. As such, Hairston is not entitled to the relief he seeks.

IV.

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 11th day of August 2014.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

5